UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV-25-2083-DMG (MBKx)** | Date | October 16, 2025 |
| Title | *Lourdes Celis, et al. v. Sorenson Transportation Company, Inc., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING MOTION TO REMAND [30]**

On January 21, 2025, Plaintiffs Lourdes Celis and the Estate of Georgeos Murafetis (the "Estate") filed a wrongful death action in Los Angeles County Superior Court against Defendants Sorenson Transport Co Inc. ("Sorenson") and Richard Carl Eckley. [Doc. # 1-3 ("Compl.").] This action concerns a pedestrian and truck accident that occurred on September 4, 2024, in California between decedent Georgeos Murafetis and Defendants' truck. Compl. at ¶¶ 16–19. Sorenson was served on February 17, 2025. [Doc. # 1 ("NOR").] On March 8, 2025, Sorenson filed an Answer in state court. [Doc. # 1-4.] Also on March 8, 2025, Sorenson removed this action to this Court, asserting diversity jurisdiction. *See* NOR. On June 1, 2025, Defendants filed a Third Party Complaint against Third Party Defendant the City of Los Angeles (hereinafter the "City"). [Doc. # 22 ("TPC").] In the TPC, Defendants as Third Party Plaintiffs assert claims for indemnity, contribution, and declaratory relief. TPC at 7–10.[1]

Plaintiffs filed a motion to remand this action on the ground that the City, as a Third Party Defendant, destroyed diversity under 28 U.S.C. section 1332.[2] [Doc. # 30 ("MTR").] The motion is fully briefed. [Doc. ## 31 ("Opp."), 32 ("Reply").][3] The parties do not dispute that the amount in controversy satisfies 28 U.S.C. section 1332. *See* NOR at ¶ 11. The parties also do not dispute that removal was timely. *See id.* at ¶ 14.

For the following reasons, the Court **DENIES** Plaintiffs' MTR.

---

[1] Because the TPC's paragraph numbering is incorrect, the Court will instead cite to the TPC's page number inserted by the CM/ECF system. *See* TPC at 4 (paragraph 13) and 8 (same).

[2] Plaintiffs withdrew their motion for attorney's fees relating to the motion to remand. *See* MTR at 7; Reply at 4.

[3] The City has not filed a response to the MTR or a notice of non-opposition. According to Plaintiffs, the City agreed to stipulate to remand when the parties met and conferred. Declaration of Patricia D. Alabise at ¶ 6 [Doc. # 30 at 10].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-25-2083-DMG (MBKx)** | Date | October 16, 2025 |
|---|---|---|---|
| Title | ***Lourdes Celis, et al. v. Sorenson Transportation Company, Inc., et al.*** | Page | 2 of 4 |

# I.
# DISCUSSION

Diversity jurisdiction under 28 U.S.C. section 1332(a) "requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008). "[D]iversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.* 498 U.S. 426, 428 (1991); *see also In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008). The removing party has the burden of demonstrating diversity. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Defendant Sorenson is a corporation incorporated in Washington and its principal place of business is in Washington. Compl. at ¶ 10; NOR at ¶ 6. Sorenson is a citizen of Washington. 28 U.S.C. § 1332(c)(1). Defendant Eckley is a resident of Washington. NOR at ¶ 7. The parties do not dispute Eckley is a citizen of Washington. *See* NOR at ¶ 7; MTR at 4[4]; *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff Celis is the surviving spouse of decedent Murafetis and resides in California. Compl. at ¶ 4–5; NOR at ¶ 5. Celis asserts she will be the personal representative and/or administrator of any estate of the decedent. Compl. at ¶ 7. The parties do not dispute that Celis is a citizen of California. *See* NOR at ¶ 5; MTR at 4; *Kantor*, 704 F.2d at 1090.

The legal representative of the estate of a decedent is deemed to be a citizen of the State of the decedent. 28 U.S.C. § 1332(c)(2); *see Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214 n.2 (D. Haw. 2010) (finding decedent's citizenship controlled insofar as plaintiff was acting in his capacity as the co-personal representative of the decedent's estate); *see also Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476 n.3 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)(2)). The parties do not dispute that Celis, as a representative of the estate, is a citizen of California. *See* NOR at ¶ 9; MTR at 4. Indeed, the record reflects that the incident at issue occurred in California and the Certificate of Death reflects a California residential address for the decedent. [Doc. # 30-1 at 13.] Therefore, there was complete diversity between the parties at the time the action was filed.

The introduction of the City as a Third Party Defendant does not destroy complete diversity. *See* MTR at 6. "[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events" such as the intervention of a non-essential party. *Freeport-McMoRan, Inc.*, 498 U.S. at 860; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 n.1 (1996) and *Wichita Railroad & Light Co. v. Pub. Util. Comm'n of Kansas*, 260 U.S. 48, 54

---

[4] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-25-2083-DMG (MBKx)** | Date | October 16, 2025 |
|---|---|---|---|
| Title | ***Lourdes Celis, et al. v. Sorenson Transportation Company, Inc., et al.*** | Page | 3 of 4 |

(1922) (diversity jurisdiction not destroyed by intervention of non-essential party after time of filing). Here, the City is a non-essential party—Defendants assert only indemnification and contribution claims against the City and Plaintiffs have not asserted a claim against the City. *Caterpillar Inc.*, 260 U.S. at 67 n.1 ("Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse") (quoting 3 J. Moore, Moore's Federal Practice ¶ 14.26).

Plaintiffs do not provide any authority to the contrary. *See* Reply at 2–3. Moreover, Plaintiffs' claim that Defendants' decision to file a TPC *after* removing this action was "gamesmanship" is unavailing. Reply at 3. Diversity is assessed at the time the action is filed—this stands regardless of when Defendants removed the action or filed its TPC.

Defendants invoke the Court's supplemental or ancillary jurisdiction over the claims against the City as Third Party Defendant. Opp. at 1–4. Plaintiffs argue in their Reply that the Court should decline to exercise supplemental jurisdiction over the TPC. Reply at 3–4. The City has not responded. A district court that has original jurisdiction over a claim also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Such supplemental jurisdiction includes "claims that involve the joinder or intervention of additional parties." *Id.* The same case or controversy requirement is satisfied when the state law claims share "a common nucleus of operative fact" with the claim over which the court has original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, the third-party claims are merely for indemnification or contribution by the City for any damages arising from the alleged accident at issue in the Complaint—all the claims share a common nucleus of operative fact. *Accord Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc.*, 491 F. Supp. 3d 506, 515 (N.D. Cal. 2020) (exercising supplemental jurisdiction over indemnification and contribution crossclaims).[5]

Under 28 U.S.C. section 1367(c), the Court may decline supplemental jurisdiction if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Plaintiffs argue the Court should decline supplemental jurisdiction because the third-party claims implicate the California Government Claims Act, are complex state-law issues that will predominate over the claim, and Defendants have engaged in forum manipulation. Reply at 3–4. The Court disagrees.

---

[5] The Court notes that because Plaintiffs do not make any claims against the City, 28 U.S.C. section 1367(b)'s bar of supplemental jurisdiction in diversity cases is not at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-25-2083-DMG (MBKx)** | Date | October 16, 2025 |
|---|---|---|---|
| Title | *Lourdes Celis, et al. v. Sorenson Transportation Company, Inc., et al.* | Page | 4 of 4 |

The state law claims over which the Court has original jurisdiction remain. Plaintiffs provide no authority for the alleged complexity of the third-party claims. The exercise of supplemental jurisdiction serves the values of "economy, convenience, fairness, and comity" as the third-party claims implicate the same facts and would allow the Court to resolve the full scope of the parties' claims against one another in a single action. *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022); see *Accord Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*, 334 F. Supp. 3d 1031, 1046 (C.D. Cal. 2017) (exercising supplemental jurisdiction where there are multiple indemnification claims).

## II.
## CONCLUSION

In light of the foregoing, Plaintiffs' MTR is **DENIED**. The October 17, 2025 hearing on the motion is **VACATED**.

**IT IS SO ORDERED.**